## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHARLES F. McAFEE, FAIA, NOMA, P.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-1340-JTM |
| | ) | |
| U.S.D. 259, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Compel (Doc. 24) filed on June 23, 2006, seeking to compel Plaintiff to provide supplemental Rule 26 disclosures and requiring Plaintiff to pay Defendant's reasonable expenses, including attorneys fees, incurred in drafting the motion.  Plaintiff filed a response on July 3, 2006 (Doc. 25), and Defendant replied on July 5, 2006 (Doc. 26).  Having carefully reviewed the submissions of the parties, including the various exhibits, the Court is prepared to rule on Defendant's motion.

## BACKGROUND

Plaintiff filed his Complaint (Doc. 1) on November 11, 2005, alleging claims for breach of contract and race discrimination as a "result of policies and

procedures dictated, known, tolerated, and/or intentionally ignored on a centralized

basis at USD 259." (Doc. 1 at ¶ 12.) An Amended Complaint containing these

same causes of action was filed on January 31, 2006. (Doc. 2.) Defendant filed a

Motion to Dismiss and to Quash Return of Service on March 6, 2006. (Doc. 7.)

On March 10, 2006, Defendant withdrew this motion after Plaintiff effectuated

proper service. (Doc. 10.) Thereafter, Defendant filed its Answer, which

contained counterclaims, on March 28, 2006. (Doc. 11.) On April 30, 2006,

Plaintiff filed a Motion to Dismiss Defendant's Counterclaims and memorandum

in support (Docs. 16, 17); this motion is currently pending before the District

Court.

Following the parties' exchange of initial disclosures, Defendant filed the

present motion on June 23, 2006, arguing that Plaintiff's disclosures were

insufficient and that Plaintiff's counsel ignored defense counsel's subsequent

attempts to confer pursuant to Fed.R.Civ.P. 37(a)(2)(A). (*See generally* Doc. 24.)

Plaintiff responded on July 3, 2006, contending that he intends to provide the

requested information, but Defendant failed to meet the requirements of

Fed.R.Civ.P. 37 and D.Kan. 37.2 prior to filing the present motion. (Doc. 25.)

Defendant replied on July 5, 2006. (Doc. 26 at 1.)

2

## DISCUSSION

In his response, Plaintiff does not object to Defendant's requested supplementations.  In fact, Plaintiff's counsel specifically states that "Plaintiff has no intention of not providing the requested information and plaintiff's counsel believes this matter can be resolved with a short conference between counsels for both parties in the spirit of rule 37.2."  (Doc. 25 at 3.)  Thus, the only issue before the Court is whether the imposition of sanctions against Plaintiff is appropriate.

In this regard, Plaintiff contends that Defendant did not fulfill its duty to confer pursuant to Fed.R.Civ.P. 37 and D.Kan. Rule 37.2 prior to filing the present motion.  (*Id*.)  Defendant replied that it attempted to confer with Plaintiff's counsel and should not be required to "waste a substantial amount of time nagging plaintiff's counsel for what should have been provided without request."  (Doc. 26 at 1.)

The Court is inclined to agree with Defendant on both counts.  (*See* Doc. 24, Exh. 2, 3.)  The Court notes that Defendant's concern about the lack of communication from Plaintiff's counsel was justified in light of the requirement that any motions to compel be filed within 30 days of any default.  *See* D.Kan.Rule 37.1(b); Doc. 18 at ¶ III(e).  Here, the Rule 26(a) disclosures were to be made on May 23, 2006, and the time within which Defendant was required to file a motion

to compel more complete disclosures was about to expire.  The Court does not,

however, find that sanctions are appropriate in this instance.

Fed.R.Civ.P. 37(c) provides that a court may impose sanctions, such as

reasonable expenses, including attorneys fees, against a party who fails to disclose

information required by Rule 26.  The purpose of discovery sanctions is not merely

to reimburse the wronged party or penalize the offending party, but to deter others

from engaging in similar conduct.  ***National Hockey League v. Metropolitan***

***Hockey Club, Inc.***, 427 U.S. 639, 643 (1976).  "[T]he limit of any sanction award

should be that amount reasonably necessary to deter the wrongdoer."  ***White v.***

***GMC***, 908 F.2d 675, 685 (10th Cir. 1990).

In the case at bar, the Court is concerned that Plaintiff's counsel did not

respond to defense counsel's June 6, 2006, letter.  Plaintiff's counsel did, however,

respond to defense counsel's subsequent e-mail inquiry regarding the requested

supplementation.  (Doc. 25, Exh. 25.)  Although Defendant apparently did not

receive the e-mail until more than 30 hours after it was sent (Doc. 26, Ex. 4), the

evidence before the Court establishes that Plaintiff's counsel sent its response to

defense counsel's e-mail in a reasonable amount of time, especially considering

Plaintiff's counsel had been out of town and was involved in two days of

depositions.  (*See* Doc. 25, Exh. 1.)  Further, the timing of the e-mail by Plaintiff's

counsel makes it equally responsive to defense counsel's June 22, 2006, voice message.

Although Plaintiff's counsel's efforts to respond to defense counsel may have been less than ideal, they do not merit the imposition of sanctions.  Even so, the Court strongly urges Plaintiff's counsel to be more diligent in his disclosures, discovery responses, and communication with defense counsel.  The failure to do so in the future may well lead to the imposition of sanctions.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel (Doc. 24) is GRANTED in part and DENIED in part.  Not later than **July 24, 2006,** Plaintiff shall serve to Defendant, without objection, a full supplementation of his Rule 26 initial disclosures including, but not limited to, the **name and, if known, address and telephone number** for each individual likely to have discoverable information that Plaintiff may use to support his claims/defenses, **identifying the subjects of the information** the witness is believed to possess; an **actual computation** of any and all categories of damages claimed; and **identifying any relevant insurance agreements** including, but not limited to, those required by the subject contracts.  Plaintiff's counsel also is directed to make a **reasonable investigation**, as contemplated by Rule 26(a)(1), to determine which categories of documents, data compilations, and/or tangible things that are in his possession,

custody, or control which he may use to support his claims and/or defenses.

IT IS FURTHER ORDERED that sanctions will not be imposed at the present time.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 13th day of July, 2006.

          s/ Donald W. Bostwick
         DONALD W. BOSTWICK
         United States Magistrate Judge