IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES F. McAFEE,

    Plaintiff,

vs.

Case No. 05-1340-JTM

UNIFIED SCHOOL DISTRICT NO. 259,

    Defendant.

MEMORANDUM AND ORDER

    This matter is before the court on the plaintiff Charles F. McAfee's motion to dismiss the counterclaims filed by the defendant Unified School District 259. The present litigation arises from contracts between McAfee, an architect, and the School District for the renovation of the Buckner Elementary School and the construction of a new elementary school to be known as Jackson Elementary. These two contracts were terminated, respectively, by the District on November 25, 2003 and August 24, 2004. The contracts expressly provided for termination with or without cause.

    McAfee commenced this litigation, alleging that the termination of the contracts was a breach of the contracts and also the product of race discrimination by the District. The District filed an Answer which denied McAfee's claims, and further counterclaimed with respect to the Buckner Elementary contract, contending that McAfee breached the contract by creating a faulty parking lot and site drainage design, by failing to provide documents required under the contract, failing to perform site visits, failing to reject substandard work, failing to guard against defects in the work, failing to report major work defects, and certifying payment of the contractor without detecting and reporting these defects. The

District also counterclaimed as to the Jackson Elementary contract, contending that McAfee breached the contract by failing to provide required documents, by failing to design a sewer system to required specifications, and by designing a faulty roof scupper. The District sought damages in excess of $100,000 for these counterclaims.

In the motion now before the court, McAfee argues essentially that the District cannot recover for his alleged breaches, since the District terminated the two contracts. McAfee provides no authority for the proposition that a party to a contract, faced with multiple breaches by another party and incurring serious damages from those breaches, must stand by the contract to the bitter end, no authority for the proposition that the injured party must either choose between termination or an action for damages, but not both. McAfee also argues that the School District's claims are time-barred, since some of the alleged breaches would be anticipatory breaches and not authorized by Kansas law, or subject to laches, since the claims were not brought prior to or contemporaneous with the termination of the contracts. Again, other than the most general discussion of anticipatory breach, or a general definition of laches (and that a citation to a decision involving Iowa law), plaintiff provides absolutely no legal authority for his positions.

The court will deny the motion to dismiss the counterclaims. The only decision cited by McAfee in support of his argument against the contract claims themselves is a citation to *Hubler Rentals, Inc. v. Roadway Exp. Inc.*, 637 F.2d 257, 260-61 (4th Cir. 1981) ("We think it certain that under Maryland law, a party suing on the contract must first prove his own performance, in order to recover for any breach by the opposing party.") Even assuming this statement is also a valid reflection of Kansas law, it is no bar to relief here, since the court must take all well-pleaded facts and inferences in favor of the District. Those facts as alleged state that the District did in fact perform its duties under the contracts by paying McAfee until it terminated the contracts for substandard performance. The defendant

2

correctly notes that the plaintiff's discussion of anticipatory breach misses the point, since the counterclaims do not involve a repudiation of the District's duties under the contracts, but a termination of the contracts pursuant to the express terms of the contracts, after multiple and material breaches (it is alleged) by the plaintiff.

There is no basis for concluding that the present counterclaims are time-barred. Kansas law provides that an action alleging a breach of contract may be raised within five years. K.S.A. 60-511. The District's counterclaims were advanced on March 28, 2006 (Dkt. No. 11). The counterclaims allege breaches of the contracts by plaintiff leading to terminations of the contracts in late 2003 and mid-2004. The counterclaims are timely under Kansas statute of limitations. Further, even if the counterclaims were untimely if raised by private litigants, the statute of limitations does not apply to a governmental authority such as the defendant. *See City of Osawatomie v. Bd. of County Comm'rs of Miami County*, 153 Kan. 332, 110 P.2d 748, 751 (1941).

Nor can the doctrine of laches deprive the defendant of its opportunity to counterclaim by drastically curtailing what would in other respects be counterclaims well within the statute of limitations. As noted earlier, plaintiff cites to no case applying Kansas law which would suggest that doctrine of laches should apply here. That doctrine

> is based upon the maxim that equity aids the vigilant and not those who slumber on their rights. It is defined as neglect to assert a right or claim which, taken together with the lapse of time and other circumstances causing prejudice to the adverse party, operates as a bar in a court of equity. Alternatively, laches has been described as the neglect for an unreasonable and unexplained length of time, under circumstances permitting diligence, to do what in law should have been done. Laches is the neglect or omission to assert a right as, taken in conjunction with lapse of time and other circumstances, causes prejudice to an adverse party.... In *Calkin v. Hudson*, 156 Kan. 308, 133 P.2d 177 (1943), this court observed laches existed when there was undue delay in the assertion of a legal right before a tribunal competent to enforce it. The *Calkin* court further commented mere lapse of time alone does not constitute laches but if such delay has misled other parties to their prejudice, the bar of laches may be invoked.

*Capitol Federal Savings and Loan Assoc., Inc. v. Glenwood Manor, Inc.*, 235 Kan. 935, 938, 686 P.2d 853, 855-56 (Kan. 1984).  The burden is on the party seeking to use the doctrine to show how the delay by the other party in advancing its legal claims has misled them to their prejudice.  Here, plaintiff has not attempted to make such a showing.

In any event, as with the statute of limitations, the defense is simply not available to bar the claims of a governmental authority such as the defendant School District.  *See Western Shale Prod. v. City of Fort Scott*, 175 Kan. 643, 649-50, 266 P.2d 327, 333 (Kan. 1954)

IT IS ACCORDINGLY ORDERED this 24th day of July, 2006, that the plaintiff's Motion to Dismiss (Dkt. No. 16) is hereby denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE